# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00114-MR-DLH

| | |
|---|---|
| BRADFORD ALLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> CITY OF ASHEVILLE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's "Objection to the Magistrate Judge Order denying the appointment of counsel" [Doc. 31].

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006).

Upon careful review of the Magistrate Judge's Order, the Court concludes that the Magistrate Judge's factual findings are not clearly erroneous and that his legal conclusions are consistent with current case law. Specifically, the Court agrees with the Magistrate Judge that the Plaintiff has adequately set forth his claims; that such claims are not complex; and that the Plaintiff does not lack the requisite capacity to present such claims. Under the circumstances presented in this case it is not an abuse of discretion to deny the appointment of counsel.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's "Objection to the Magistrate Judge Order denying the appointment of counsel" [Doc. 31] is **OVERRULED**, and the Magistrate Judge's Order [Doc. 30] is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: February 14, 2018

Martin Reidinger
United States District Judge