IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00114-MR-DLH

BRADFORD ALLEN,                )
                               )
         Plaintiff,     )
                               )
                               )
vs.                            )          **O R D E R**
                               )
                               )
CITY OF ASHEVILLE, et al.,     )
                               )
         Defendants.    )
_____)

**THIS MATTER** is before the Court on the "Plaintiff's Response to the Court's Order." [Doc. 44].

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the City of Asheville; Gary Jackson, the City Manager for the City of Asheville; Tammy Hooper, the Chief of Police for the Asheville Police Department ("APD); APD Detective Evan Flanders; and "Jane Doe" and "John Doe," (collectively, "Doe Defendants"), who were both identified as APD officers. [Docs. 15, 21]. On May 4, 2017, the Plaintiff filed a motion for an extension of time within which to serve summonses on the Doe Defendants. [Doc. 4]. On May 31, 2017, the Court granted the Plaintiff an additional 120 days to identify and serve the Doe Defendants. [Doc. 8].

On November 6, 2017, the Plaintiff filed a motion seeking to compel the Defendants to identify the Doe Defendants. [Doc. 22]. The Magistrate Judge denied the Plaintiff's motion on January 30, 2018. [Doc. 29].

On February 14, 2018, the Court entered an Order directing the Plaintiff to show good cause for failing to identify and serve the Doe Defendants. [Doc. 34]. The Court advised the Plaintiff "unless good cause is shown to the Court for his failure to effect service of the Summons and Complaint on the Doe Defendants within fourteen (14) days from service of this Order, the Plaintiff's action against these Defendants shall be dismissed without prejudice without further order." [Id. at 2]. The 14-day period passed without a response from the Plaintiff. Accordingly, on March 6, 2018, the Doe Defendants were dismissed without prejudice.

On March 15, 2018, the Court received the Plaintiff's "Response to the Court's Order." [Doc. 44]. Conceding the untimeliness of his Response, the Plaintiff explains that he was in transit between Bureau of Prisons facilities and therefore did not receive the Court's Order until March 2, 2018. [Doc. 44 at 2]. The Plaintiff also outlines his various attempts to discern the identities of the Doe Defendants, and he asks for additional time to continue these efforts. [Id. at 4].

In light of the Plaintiff's Response, the Court will vacate its Order dismissing the Doe Defendants without prejudice, and such Defendants will be reinstated as parties in this action. The Plaintiff shall have ninety (90) days from the entry of this Order to identify and effect service on the Doe Defendants.

**IT IS, THEREFORE, ORDERED** that the Order dismissing the Doe Defendants from this action is **VACATED.**

**IT IS FURTHER ORDERED** that the Plaintiff shall have an additional ninety (90) days to identify and effect service on the Doe Defendants.

**IT IS SO ORDERED.**

Signed: April 11, 2018

Martin Reidinger
United States District Judge