# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 cv 114

| | |
|---|---|
| BRADFORD ALLEN, ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| CITY OF ASHEVILLE, et al., ) | |
| Defendants. ) | |

Before the Court is pro se Plaintiff's Motion to Appoint a Mediator [# 51]. Prior to Plaintiff's Motion, Defendant's counsel proposed a qualified mediator. Plaintiff refused to consent to the proposed mediator. On April 19, 2018, the Court on its own motion entered an Order dispensing of its mediation requirement [# 50]. The Court stated the parties were free to mediate on their own but the Court will not require it in this case [# 50]. On April 23, 2018, Plaintiff filed his Motion to appoint a mediator and again requested counsel.

The Court **DENIES** the Motion and the request for counsel [# 51]. Mediation is not a requirement or a right in a civil case. The Court appreciates the mediation process as it can lead to non-judicial outcomes which take a strain off the court system. The Court emphasizes that Plaintiff and Defendants are free to negotiate on their own terms but the Court will not formally require it.

Signed: May 2, 2018

Dennis L. Howell
United States Magistrate Judge

Plaintiff is incarcerated and has moved around, and Plaintiff has potentially lost some of his papers. For Plaintiff's benefit, the Court has included its previous analysis for why it is not appointing Plaintiff counsel:

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Rather, appointment of counsel is "a matter within the discretion of the District Court." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). In evaluating a request for appointment of counsel, the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d 962, 966, fn.10 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) *abrogated in part on other grounds*, Mallard v. U.S. Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 309–10 (1989) (holding that section 1915(e)(1) does not authorize compulsory appointment of counsel). Specifically, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

After reviewing this case in light of these standards, the Court finds that Plaintiff has put forth his claims and does not lack capacity to present those claims. Plaintiff's claims are not complex. Additionally, Plaintiff has been able to respond to the Court's directions. Plaintiff has the foresight that if he were to miss a deadline, then he needs to file a motion

for an extension. Further, Plaintiff's motions are thoughtful, well researched, and generally comport with filings.

While Plaintiff states that he suffers from documented metal illnesses, it does not appear that the illnesses have incapacitated him. As authority for Plaintiff's incapacity, Plaintiff cites *Hamilton v. Leavy*, 117 F.3d 742, 749 (3d Cir. 1997), however, in *Hamilton*,[1] the Third Circuit, using the its standard for § 1915(e)(1), found that a district court should have appointed counsel for a prisoner who had a colorable claim who had a documented paranoid delusional disorder. Plaintiff does not have mental illnesses that rise to the same incapacity created by paranoid delusional disorder.

---

[1] Plaintiff cites to other authority outside the Fourth Circuit. While the cases might be demonstrative, they are not binding precedent for this Court. This Court must follow the standards outlined by the Fourth Circuit. This is most apparent in Plaintiff's reliance on *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005), because the Seventh Circuit's § 1915(e)(1) standard not only looks at the colorability of a plaintiff's claim but also the difficulty of presenting such a case. Regardless, *Greeno* is distinguishable. The facts in *Greeno* were more far more complex. And Plaintiff's incapacity was apparent because of his inability to serve defendants with process or try his case.