IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00114-MR-DLH

BRADFORD ALLEN,            )
                           )
            Plaintiff,     )
                           )
      vs.                  )            O R D E R
                           )
                           )
CITY OF ASHEVILLE, et al., )
                           )
            Defendants.    )
_____)

**THIS MATTER** is before the Court on the Plaintiff's "Objection to Court's Order (Doc. # 50) and Motion for Recusal of Magistrate Judge" [Doc. 53].

On April 19, 2018, the Magistrate Judge entered an Order dispensing with the requirement of mediation. [Doc. 50]. The Plaintiff objects to this Order and moves for the Magistrate Judge's recusal. [Doc. 53].

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006).

Upon careful review of the Magistrate Judge's Order, the Court overrules the Plaintiff's objections. As the Magistrate Judge correctly noted in a subsequent Order [Doc. 52 at 1], mediation is neither a requirement nor a right. Here, the parties have had significant difficulty in communicating with each other, due in large part to the fact that the Plaintiff is currently incarcerated in a federal prison in South Carolina. In light of these circumstances, the Magistrate Judge's decision to dispense with the requirement of mediation is not clearly erroneous.

As the Magistrate Judge noted, the parties are still free to arrange a mediation on their own terms. However, for the reasons stated by the Magistrate Judge, the Court will no longer require the parties to engage in mediation.

The Plaintiff also moves for recusal of the Magistrate Judge. A motion for recusal should be granted only if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Here, the Plaintiff asserts that the Magistrate Judge "has been making partial and one-sided rulings"

against him. [Doc. 53 at 2]. While couched in terms of fairness and partiality, the Plaintiff clearly takes issue with the Magistrate Judge's rulings that were adverse to him. Adverse judicial rulings alone, however, "almost never constitute a valid basis for a bias or partiality motion." United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

The Plaintiff has not articulated any basis to find that the Magistrate Judge's impartiality might reasonably be questioned. Accordingly, the motion for recusal is denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's "Objection to Court's Order" [Doc. 53] is **OVERRULED**; the Plaintiff's "Motion for Recusal of Magistrate Judge" [Doc. 53] is **DENIED**; and the Magistrate Judge's Order [Doc. 50] is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: May 15, 2018

Martin Reidinger
United States District Judge