# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00114-MR-DLH

| | | |
|---|---|---|
| BRADFORD ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| CITY OF ASHEVILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Objection to the Court's Order [Doc. 55], which the Court construes as a motion for reconsideration.

On April 19, 2018, the Magistrate Judge entered an Order dispensing with the requirement of mediation and denying the Plaintiff's request for appointment of counsel. [Doc. 50]. The Plaintiff objected to this Order and moved for the Magistrate Judge's recusal. [Doc. 53]. The Court overruled the Plaintiff's Objections on May 15, 2018. [Doc. 54].

The Plaintiff now seeks reconsideration of the Court's Order overruling his Objections. For grounds, he asserts that he sought recusal of Magistrate Judge Howell because he never consented to the exercise of jurisdiction by

a magistrate judge. Therefore, the Plaintiff argues, Magistrate Judge Howell had no authority to enter the Order regarding mediation. [Doc. 55]. The Plaintiff is mistaken. Under the Standing Orders of this Court and 28 U.S.C. § 636(b), this Court has designated certain non-dispositive, pretrial matters to be heard by the Magistrate Judge. The parties' consent for the resolution of such pretrial matters was simply not required. The Plaintiff's Objection in this regard is overruled.

The Plaintiff again objects to the Magistrate Judge's denial of the appointment of counsel. Specifically, he argues that, due to his current incarceration and lack of counsel, he is unable to obtain "interrogation room recordings" and "video footage" to support his claims. [Doc. 55]. The Plaintiff's Objection in this regard is also overruled. As the Court has previously noted, the Plaintiff does not have an absolute right to appointment of counsel. [Doc. 30 at 2 (citing Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987)]. The Plaintiff's alleged inability to access all potentially discoverable information[1] to support his claims does not constitute "exceptional circumstances" justifying the appointment of counsel in this case. Miller, 814 F.2d at 966.

---

[1] It is not clear from the record whether such recordings and footage even exist.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection to the Court's Order [Doc. 55], which the Court construes as a motion for reconsideration, is **OVERRULED**.

**IT IS SO ORDERED.**   Signed: June 1, 2018

Martin Reidinger
United States District Judge